|   |   |
|---|---|
|   | UNITED STATES DISTRICT COURT |
|   | CENTRAL DISTRICT OF CALIFORNIA |

| ROBERT CAULEY, | Case No.: 2: 22-cv-04032 MEMF(AFMx) |
|---|---|
| Plaintiff, | **ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS** |
| v. |  |
| MAKIS HAVADJIA, et al., |  |
| Defendants. |  |

On June 13, 2022, Plaintiff Robert Cauley filed a Complaint against Defendants Makis Havadjia, as partner of the Havajia-Georgiou, a general partnership, and Does 1–10, asserting: (1) a claim for injunctive relief arising out of an alleged violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12010-12213; (2) a claim for damages pursuant to California's Unruh Civil Rights Act ("Unruh Act"), CAL. CIV. CODE §§ 51-52 et seq.; (3) a claim for damages pursuant to the California Disabled Persons Act, CAL. CIV. CODE §§ 54 et seq.; (4) a claim for damages and injunctive relief pursuant to the CAL. HEALTH AND SAFETY CODE §§ 19955 *et seq.*; and (5) a claim for negligence. ECF No. 1. The Complaint alleges that this Court has jurisdiction over the ADA

1 claim pursuant to 28 U.S.C. §§ 1331 and 1343, and that the state law claims are brought "pursuant to
2 pendant[sp] jurisdiction." *Id.* ¶¶ 6–7.

3       Principles of pendent jurisdiction have been codified in the supplemental jurisdiction statute,
4 28 U.S.C. § 1367.  The supplemental jurisdiction statute "reflects the understanding that, when
5 deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in
6 each case, and *at every stage of the litigation*, the values of judicial economy, convenience, fairness,
7 and comity.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (emphasis added)
8 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

9       California law sets forth a heightened pleading standard for a limited group of lawsuits
10 brought under the Unruh Act. *See* CAL. CIV. PROC. CODE § 425.55(a)(2) & (3). The stricter pleading
11 standard requires certain plaintiffs bringing construction-access claims like the one in the instant
12 case to file a verified complaint alleging specific facts concerning the plaintiff's claim, including the
13 specific barriers encountered or how the plaintiff was deterred and each date on which the plaintiff
14 encountered each barrier or was deterred. *See* CAL. CIV. PROC. CODE § 425.50(a). A "high-frequency
15 litigant fee" is also imposed on certain plaintiffs and law firms bringing these claims. *See* CAL.
16 GOV'T CODE § 70616.5.

17       In light of the foregoing, the Court orders Plaintiff to show cause in writing why the Court
18 should exercise supplemental jurisdiction over the Unruh Act claim, the California Disabled Persons
19 Act claim, the California Health and Safety Code claim, and the negligence claim. *See* 28 U.S.C. §
20 1367(c). In responding to this Order to Show Cause, Plaintiff shall identify the amount of statutory
21 damages Plaintiff seeks to recover. Plaintiff and his counsel shall also support their responses to the
22 Order to Show Cause with declarations, signed under penalty of perjury, providing all facts
23 necessary for the Court to determine if they satisfy the definition of a "high-frequency litigant" as
24 provided by California Code of Civil Procedure §§ 425.55(b)(1) & (2).

25       Plaintiff shall file a Response to this Order to Show Cause within three weeks of the date of
26 this Order. The failure to timely or adequately respond to this Order to Show Cause may, without
27 further warning, result in the Court declining to exercise supplemental jurisdiction over the Unruh
28

Act claim, the California Disabled Persons Act claim, the California Health and Safety Code claim, and the negligence claim pursuant to 28 U.S.C. § 1367(c).

**IT IS SO ORDERED.**

Dated: July 25, 2022

_____

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge